IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LINDA C. FOSTER                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 3:05CV713-WHB-JCS

BELLSOUTH                                                    DEFENDANT


OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss of
Defendant BellSouth.  Having considered the Motion, Response,
Rebuttal and all attachments to each, as well as supporting and
opposing authority, the Court finds that the Motion is not well
taken and should be denied.[1]

This case involves allegations of discrimination in the
employment process.  The suit was filed in this Court on November
30, 2005.  On December 12, 2005, Plaintiff, who is prosecuting this
case *pro se*, was granted *in forma pauperis* status.  See Order filed
under docket entry no. 3.  In the same Order, Plaintiff was
directed to have the Clerk of the Court to issue process to
Defendant, then deliver a copy of the Summons and Complaint to the
U.S. Marshall for service.  Id.  That Order specifically required

_____

[1]Also before the Court is *pro se* Plaintiff Linda Foster's
Motion to Stay and Sustain Plaintiff's Complaint.  The Court
construes this "Motion" as a response to Defendant's Motion to
Dismiss.  Accordingly, Plaintiff's Motion is denied herewith as
moot.

Plaintiff to provide the Clerk with the proper party to whom service of process should be made. Id.

Rather than ascertain the proper person or entity on whom process should be served in this case, Plaintiff had the name of Defendant's legal counsel entered on the Summons as the person to be served.  Accordingly, service of process was made on said counsel. As Defendant points out in the subject Motion to Dismiss, service of process made on counsel for Defendant was not proper in this case.  The Court nevertheless finds that dismissal of the case at this juncture is not warranted, especially since Plaintiff is prosecuting this case *pro se*.

The time for service of process under Rule 4(m) of the Federal Rules of Civil Procedure is 120 days from the date of filing the Complaint.  That time will expire on or about March 29, 2006. Because Plaintiff is proceeding *pro se* and because she has had a misunderstanding concerning the proper person to serve, the Court will *sua sponte* extend the time for service of process until May 1, 2006.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (docket entry no. 11) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay and Sustain Plaintiff's Complaint (docket entry no. 14) is hereby denied as moot.

2

IT IS FURTHER ORDERED that if Plaintiff chooses to further prosecute this case, she must ascertain the proper person or entity on whom process should be served in this cause.  Upon determining that information, Plaintiff must provide it to the Clerk of the Court.  The Clerk of the Court must then issue an Alias Summons.  After process is reissued by the Clerk, the U.S. Marshall is directed to serve process on the Defendant pursuant to 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that the time limit for service of process is extended to May 1, 2006.  If Plaintiff has not perfected service of process and filed a proper return of service of process with the Clerk of the Court by May 1, 2006, the Court will dismiss this case, without prejudice, without further notice to the Plaintiff.

SO ORDERED this the 16th day of March, 2006.


                                   s/ William H. Barbour, Jr.
                                   UNITED STATES DISTRICT JUDGE

tct

3