IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LINDA C. FOSTER                                         PLAINTIFF

VS.                          CIVIL ACTION NO. 3:05CV713-WHB-JCS

BELLSOUTH                                               DEFENDANT


## OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss of Defendant BellSouth and the Plaintiff Linda Foster's Motion for Default Judgment.   Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds that neither Motion is well taken and that both should be denied.[1]

This case involves allegations of discrimination in the employment process.  The suit was filed in this Court on November 30, 2005.  On December 12, 2005, Plaintiff, who is prosecuting this case *pro se*, was granted *in forma pauperis* status. See Order filed under docket entry no. 3.   In the same Order, Plaintiff was directed to have the Clerk of the Court to issue process to Defendant, then deliver a copy of the Summons and Complaint to the

---

[1]Also before the Court is *pro se* Plaintiff Foster's Second Motion to Stay and Sustain Complaint.  The Court construes this "Motion" as a Response to Defendant's Motion to Dismiss. Accordingly, Plaintiff's Second Motion to Stay and Sustain Complaint is denied herewith as moot.

U.S. Marshall for service. Id.  That Order specifically required Plaintiff to provide the Clerk with the proper party to whom service of process should be made. Id.

Rather than ascertain the proper person or entity on whom process should be served in this case, Plaintiff had the name of Defendant's legal counsel entered on the Summons as the person to be served.  Accordingly, service of process was made on said counsel.  As Defendant pointed out in a prior Motion to Dismiss, service of process made on counsel for Defendant was not proper. The Court, through an Opinion and Order rendered on March 16, 2003, nevertheless found that dismissal of the case at that juncture was not warranted, especially since Plaintiff is prosecuting this case pro se. See Order filed under docket entry no. 21.  Plaintiff was granted until May 1, 2006, to affect proper service of process. Id. at 2.  The Order went on to state that Plaintiff "must ascertain the proper person or entity on whom process should be served in this cause" and that "[i]f Plaintiff has not perfected service of process ... by May 1, 2006, the Court will dismiss this case, without prejudice...." Id. at 3.

Defendant filed the subject Motion to Dismiss on May 8, 2006. Defendant argues that this case should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  This Rule allows for dismissal based on insufficiency of service of process.

2

Defendant BellSouth is a corporation.  As such, service of process upon BellSouth is governed by the provisions of Rule 4(h)(1).  The portion of Rule 4(h)(1) which is relevant to the arguments presented by Defendant states that a corporation must be served "by delivering a copy of the summons and of the complaint to *an officer, a managing or general agent*, or to any other agent authorized by appointment or law to receiver service of process...." (Emphasis added).

Defendant contends that service of process was not proper under Rule 4(h)(1) because service was made on *Ed Sauls*, who is purportedly not an officer or managing agent authorized to accept service of process on behalf of BellSouth.  Curiously, the name "Ed Sauls" appears nowhere on the Process Receipt and Return, which is attached as Exhibit "C" to the Motion to Dismiss.  The person on whom process was served was *Ken Gormen*. Id.  Because BellSouth made no arguments regarding the status of Ken Gormen as an agent for service of process, the subject Motion to Dismiss must be denied.

Next considered is Plaintiff Foster's Motion for Default Judgment, which was filed on May 9, 2006.  Plaintiff contends that she is entitled to a Default Judgment because Defendant failed to file an Answer to the Complaint.  Plaintiff's argument is not well taken.  Under Rule 12(a)(4)(A), BellSouth has until ten days after the denial of its Rule 12(b) Motion to file an Answer.  The denial of Defendant's Rule 12(b) Motion is stated herein.  Therefore,

3

BellSouth has until ten days after the filing of this Order before its Answer is due.  Plaintiff's Motion must accordingly be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (docket entry no. 23) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (docket entry no. 25) is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's Second Motion to Stay and Sustain Plaintiff's Complaint (docket entry no. 26) is hereby denied as moot.

SO ORDERED this the 18th day of July, 2006.

                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

tct