**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**LINDA FOSTER**                                                                 **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:05CV713BS**

**BELLSOUTH**                                                             **DEFENDANT**

===============================================================

<u>**ORDER**</u>

        This matter came before the court on a review of the docket, which revealed several pending Motions.  The court has considered those Motions and finds as follows with respect to each.

        <u>Plaintiff's Motion to Request an Appeal and Reconsideration of Court's Order Granting Defendant's Motion to Admit Co-Counsel *Pro Hac Vice*.</u>  The Plaintiff earlier submitted an objection to the court's granting *pro hac vice* status to James R. Glenister, an employee of BellSouth.  That status was granted after the court determined that Glenister met all of the requirements for admission *pro hac vice* that are established by Uniform Local Rule 83.1.  The Order admitting him *pro hac vice* was entered on the same date that the Motion seeking admission was filed, without waiting for a response from Ms. Foster.  She has objected to that procedure.

        As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice."  *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992).  There is nothing in Ms. Foster's Motion that convinces the court that

reconsideration of this Order is necessary.

First, Ms. Foster complains that the court has not ruled on the Defendant's "Motion to Dismiss" filed on July 27, 2006, or her "Request" asking the court to dismiss the Defendant's Motion.  The Defendant's July 27 filing was not a "Motion to Dismiss."  It was an Answer to her Complaint.  At the end of the Answer, as is customary, the Defendant asked the court to dismiss this case.  That sentence merely reflects BellSouth's contention as to what should be the ultimate outcome of this case.  It does not constitute a "Motion," and the court will not make any ruling on dismissal unless and until a Motion to Dismiss is actually filed.  Similarly, the Plaintiff's July 31 pleading was not a "Motion," but merely a response to the Defendant's Answer.  Neither pleading will result in a ruling from the court.

Second, the Plaintiff contends that she received an inappropriate communication from BellSouth, through Glenister.  The court is not aware of any prohibition against one party's directly contacting another.  The Mississippi Rules of Professional Conduct prevent an attorney from directly contacting a party represented by counsel.  Miss. R. Prof. Cond. 4.2.  However, an attorney may contact an unrepresented person, so long as that person understands the lawyer's role in the case. Rule 4.3.  Otherwise, Ms. Foster and the attorneys for BellSouth would not be able to confer on any matter related to this lawsuit.  BellSouth is not prohibited from sending letters to the Plaintiff, although she may refuse them, as she apparently did in this case.  However, Mr. Glenister did nothing improper in sending her a letter, and that mailing does not convince the court that he should not act as counsel in this matter.

Finally, Ms. Foster contends that the court's entry of an Order admitting Mr. Glenister was premature, as she did not have ample time to investigate his credentials.  Rule 83.1 does not require

2

an opposing party to investigate an attorney's credentials prior to his admittance, as the court is capable of doing so. Mr. Glenister's credentials were found to be adequate in this case, and Ms. Foster has not shown the court that its finding to that effect was in error. Thus, the court is not inclined to reconsider its ruling admitting him to practice *pro hac vice*, and this Motion will be denied.

Ms. Foster has indicated that she also wishes to appeal this ruling. Presumably, she wishes to have this decision reviewed by the District Judge assigned to this matter. The vehicle for such review is found in Unif. Local R. 72.2(A), which provides for an application for review. The application should be directed to Judge Tom S. Lee.

Defendant's Motion for Extension of Time. By this Motion, BellSouth requested additional time to respond to the Motion discussed above. Because the Plaintiff's Motion will be denied, this Motion will also be denied as moot.

Plaintiff's Motion to Request Recuse [sic] of the Court. The Plaintiff argues in this Motion that the court's failure to rule on the July 27 and July 31 pleadings, its admission of James R. Glenister *pro hac vice*, and its denial of a Motion to Continue evidence bias or impartiality on the part of the undersigned Magistrate Judge and thereby mandate recusal. All of these issues have already been discussed, except for the denial of the Motion to Continue.

On July 26, 2006, this matter was set for a Case Management Conference to occur on this date. The Plaintiff requested a postponement of the Conference because of the court's failure to rule on the July 27 and July 31 pleadings, the pending objection to Glenister's admission, the lack of an attorney conference (caused by the Plaintiff's alleged non-receipt of an order admitting Glenister), the Plaintiff's pending Motion for Reconsideration regarding Glenister's admission, and her pending

3

objection to the Defendant's Motion for Extension of Time.  All of these issues have been previously discussed, except for the issue of the Plaintiff's receipt of text-only orders entered by the court.  A "text-only" order is just that – it consists only of the text entered into the docket of the case, and there is no separate order.  The purpose of entering text-only orders is to streamline the entry of orders on routine matters without the necessity of preparing a separate, formal order.  The entry of such orders is approved by the appropriate judge.  When such an order is entered, a notice is generated that states whether the parties are equipped to receive text-only order electronically, usually through their attorney's email address, or whether the notice must be mailed.  In nearly every case involving a *pro se* litigant, such as Ms. Foster, the notice must be mailed, and it is mailed.

It is not clear whether the Plaintiff received the notice of the text-only Order admitting Mr. Glenister *pro hac vice*.  It does appear that she received the notice of the text-only Order denying her Motion for Continuance.  In each case, however, it appears that she was confused by the fact that she did not receive an additional, separate Order signed by a judge.  This explanation should clear up that confusion.

In conclusion, the court properly denied Ms. Foster's Motion to Continue, as there was not pending matter that justified delay.  Moreover, the court's actions in this matter are not the result of any animosity or bias against the Plaintiff.  In the motions discussed above, she has simply not advanced an argument that merited a ruling in her favor.  Thus, there is no reason for recusal, and this Motion will be denied.

Plaintiff's (Second) Motion to Request a Continuance and Plaintiff's (Revised) Motion to Request a Postponement of the Telephone Case Management Conference.  These Motions merely re-state the arguments that have been previously addressed.  They were filed on September 7 and 8

– immediately prior to the scheduled Case Management Conference and after a similar Motion had been denied by the court.  Since the court's Order scheduling the Case Management Conference was still in effect, the Plaintiff was obligated to participate in that Conference.  If she had, several of these issues might have been clarified.  Since she did not, the Conference was conducted in her absence.

This court operates under the mandate of Fed. R. Civ. P. 1, which requires it to administer the Rules "to secure the just, speedy, and inexpensive determination of every action."  That Rule mandates that the court set a Case Management Conference shortly after an Answer has been filed in a case.  The primary purpose of the Conference is to set a schedule for further proceedings in the matter, so that the case can be resolved as quickly as possible.  If the Plaintiff is entitled to relief, it is to her benefit that her case proceeds without delay.  Having conducted the Case Management Conference in this matter, the court has prepared an order setting the schedule for further proceedings, and that order will be entered forthwith.  The Plaintiff would be well advised to direct her attention to the merits of this action in conducting further proceedings.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Request an Appeal and Reconsideration of Court's Order Granting Defendant's Motion to Admit Co-Counsel *Pro Hac Vice*, the Plaintiff's Motion to Request Recuse of the Court, the Plaintiff's (Second) Motion to Request a Continuance, and the Plaintiff's (Revised) Motion to Request a Postponement of the Telephonic Case Management Conference are hereby **denied**.

IT IS FURTHER ORDERED that the Defendant's Motion for Extension of Time is hereby **denied as moot**.

IT IS SO ORDERED, this the 12th day of September, 2006.


                                        _____
                                                S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE